IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Linda D. Digiandomenico <br> _Debtor_ | CHAPTER 13 |
| PNC Bank, National Association <br> _Secured Creditor_ <br> vs. | NO. 18-13929 MDC |
| Linda D. Digiandomenico <br> _Debtor_ | |
| William C. Miller, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order entered on October 16, 2019, modifying the automatic stay as to the property located at 8 Scott Lane, Brookhaven, PA 19015, is hereby vacated and the automatic stay is now in place.

2. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$3,084.58,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | October 1, 2019 to December 1, 2020 at $1,023.08/month |
| Suspense Balance: | ($1,015.66) |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,084.58** |

3. The Debtor shall cure said arrearages in the following manner;

   a). By January 31, 2020, the Debtor shall cure the full post-petition arrears in the amount of **$3,084.58**;

   b). Beginning on January 1, 2020, Debtor shall pay the present regular monthly payment of $1,023.08 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month.

   c). Maintenance of current monthly mortgage payments to the Secured Creditor thereafter.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Secured Creditor shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 9, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Secured Creditor

Date:   12/9/19

David H. Lang, Esquire
Attorney for Debtor

**NO OBJECTION**

Date:   12/10/19

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 12th day of December, 2019. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge
Magdeline D. Coleman